William A. Munoz – 191649
Brittany Y. Ng - 267581
MURPHY, PEARSON, BRADLEY & FEENEY
520 Capitol Mall, Suite 250
Sacramento, CA 95814
Telephone:   (916) 565-0300
Facsimile:    (916) 565-1636

Attorneys for Defendants
CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC AND CALIFORNIA NORTHSTATE UNIVERSITY, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| BRADLEY BRAZILL, | Case No.: 2:12-CV-01218-WBS-GGH |
|---|---|
| Plaintiff, | DECLARATION OF DR. ALVIN CHEUNG IN SUPPORT OF DEFENDANT CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT |
| v. | |
| CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC; CALIFORNIA NORTHSTATE UNIVERSITY, LLC, and DOES 1 through 10, inclusive, | |
| Defendants. | Date:           September 9, 2013<br>Time:           2:00 p.m.<br>Courtroom:   5<br>Honorable William B. Shubb |

I, ALVIN CHEUNG, do hereby declare:

1. I am over 18 years of age and currently the President of California Northstate College of Pharmacy, LLC doing business as California Northstate University College of Pharmacy ("CNUCOP"). I make this declaration in support of CNUCOP's motion for summary judgment, or in the alternative, partial summary judgment, of my own personal knowledge, except for those matters stated upon information and belief which I believe to be true. If called to testify to the matters set forth herein, I could do so competently.

2. CNUCOP is a private pharmacy college located in Rancho Cordova, California. The curriculum consists of three years of classroom studies with the fourth year devoted entirely to clinical experience under the guidance of a registered pharmacist and a faculty member from the school. Upon

- 1 -

graduation, students are awarded a doctor of pharmacy (Pharm.D) degree. CNUCOP opened its doors for the inaugural class in the Fall of 2008.

3. Before CNUCOP could open for class, it was required to obtain approval from the State of California's Bureau of Private and Postsecondary Vocational Education ("BPPVE"). CNCUCOP obtained this approval on April 15, 2007.

4. As a new pharmacy college, CNUCOP sought accreditation from the Western Association of Schools and Colleges ("WASC") and the Accreditation Council for Pharmacy Education ("ACPE"). In terms of WASC accreditation, the process involves three steps: eligibility, candidacy and initial accreditation, with each step requiring CNUCOP to meet certain criteria and time frames. While Plaintiff was working for the school, CNUCOP had already achieved eligibility status and was working towards its initial accreditation at the time of his termination. WASC granted CNUCOP initial accreditation in June 2012.

5. With regard to ACPE, it follows a similar process as WASC, tailored specifically for pharmacy schools. The steps for ACPE accreditation include pre-candidacy, candidacy and initial accreditation. ACPE ultimately granted CNUCOP initial accreditation in June 2013.

6. In order to prepare CNUCOP for accreditation from ACPE and WASC, I hired David Hawkins as Dean to lead the effort in securing the necessary faculty and staff to guide the school through the accreditation process. Once Dean Hawkins was on board, he prepared a hiring plan to secure the necessary faculty to accomplish this goal, which I approved. At no time did I deny any request by Dean Hawkins to hire faculty.

7. With respect to Plaintiff, I did not play any role in his hiring other than to approve his compensation.

8. I have reviewed Plaintiff's original and First Amended Complaint in this matter and can say without any doubt that his termination had nothing to do with his age.

9. With regard to his age discrimination claims, at no time did Plaintiff ever raise with me or anyone in the administration or faculty that CNUCOP was discriminating against him based upon his age. In fact, he was over 50 years old when he was hired. As for his "allegations" that I made

- 2 -

DECLARATION OF DR. ALVIN CHEUNG IN SUPPORT OF DEFENDANT CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

comments about his "old school ways of thinking," that never occurred. I never made a statement of that nature about Plaintiff to anyone. Nor did I ever state that Dean Hawkins' administrative assistant was "too old," or otherwise attempt to replace her with a younger person. On the other hand, Plaintiff made inappropriate age-related comments regarding Dr. Grant Lackey's ability to head the Residency program stating that he believed Dr. Lackey was "too old."

10. After Plaintiff was terminated, I did not play any role in appointing Dr. Frausto as the interim Department Chair. Dean Hawkins was in charge of finding Plaintiff's replacement. In this regard, Dr. Frausto served only temporarily while the search for Plaintiff's replacement was ongoing. Attached to the Master List of Exhibits as **Exhibit 17** is a true and correct copy of a July 21, 2011 email I received from Dean Hawkins, announcing the appointment of Dr. Sonya Frausto as Interim Chair of the Department of Clinical and Administrative Sciences.

11. Dean Hawkins ultimately appointed James Palmieri as the Department Chair to replace Plaintiff. Dr. Palmieri was 51 years old at the time. Other than Dean Hawkins advising me of his intent to elevate Dr. Palmieri to Department Chair, and discussing Dr. Palmieri's compensation in that regard, I was not involved in the process of appointing Dr. Palmieri. During the course of these discussions with Dean Hawkins, at no time did I mention any EEOC or DFEH complaints asserted by Plaintiff as of that time. Nor did I mention to Dean Hawkins any age discrimination claims that Plaintiff may have asserted against CNUCOP as of that time.

12. Regarding Plaintiff's termination, there were a series of events leading to my decision to terminate the at-will relationship. First, I learned that Plaintiff had been employing multiple members of his faculty that he oversaw in his pharmacy, which I viewed as a violation of the conflict of interest policy. Whereas I first learned that Plaintiff hired a single faculty member in his pharmacy in the Fall of 2010, it was not until June 2011 that I discovered the extent of faculty members from Plaintiff's Department that he employed at his private pharmacy. Secondly, Plaintiff approached me in late 2010, early 2011 about investing in his pharmacy, which I declined because I also deemed this to be a conflict of interest. Third, I learned that Plaintiff had also approached Dr. Grant Lackey about investing in his pharmacy. When Dr. Lackey's due diligence indicated that the value Plaintiff ascribed

- 3 -

to his pharmacy was inflated, he declined to invest. Thereafter, it appeared that Plaintiff was upset and began retaliating against Dr. Lackey by bringing up purported allegations from the Fall of 2010 and then in June 2011 about an incident during an interview with a male resident, as a means to discipline Dr. Lackey. Lastly, Plaintiff acted inappropriately during the WASC visit in the Fall of 2010 venting his purported frustration that the administration was not providing the Department with sufficient faculty to support APPE sites for fourth year students, which, in my judgment, was unjustified and detrimental to the school as it impacted and delayed WASC's accreditation. The fact of the matter is that Plaintiff himself had failed to sufficiently prepare the APPE sites for the WASC visit.

13. In June 2011, I instructed CNUCOP's Director of Human Resources and Compliance, Yasmin Vera, who is a licensed attorney, to investigate the conflict of interest issue and the claims about Plaintiff's treatment of Dr. Lackey. Ms. Vera conducted her investigation and concluded that there did appear to be a conflict of interest with faculty working at Plaintiff's pharmacy. This is significant because the faculty were responsible for reviewing and providing feedback regarding Plaintiff's performance as Chair of the Department of Clinical and Administrative Sciences. At the same time, Plaintiff was responsible for reviewing the faculty's job performance. In my judgment, this presented a situation where the faculty, and Plaintiff for that matter, may not be able to provide objective, unbiased reviews. This is significant since the faculty and Department Chair's reviews are used to adjust compensation and promotions.

14. Additionally, Ms. Vera's investigation concluded that Plaintiff's claims about Dr. Lackey's conduct in Fall of 2010 and regarding the incident with the male resident were unfounded.

15. Consequently, in light of the above, and in consultation with Ms. Vera and our outside Human Resources consultant, Total HR, I made the decision to terminate the employment relationship with Plaintiff. I met with Mr. Fong, Ms. Vera and Dean Hawkins on July 14, 2011 to advise them of my decision regarding Plaintiff's termination. I instructed Ms. Vera to prepare a separation agreement and release for Plaintiff in consideration for a three month severance if Plaintiff chose to resign.

16. On July 15, 2011, I met again with Ms. Vera, Mr. Fong and Dean Hawkins. Ms. Vera advised me at that time that Plaintiff had come into her office while she was conducting her

- 4 -

DECLARATION OF DR. ALVIN CHEUNG IN SUPPORT OF DEFENDANT CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

investigation and was agitated that she was looking into the conflict of interest issue. According to Ms. Vera, he was red-faced and waiving the faculty handbook saying there was no conflict. Ms. Vera indicated that Plaintiff's demeanor was threatening. Thus, I requested that a security guard be present during the termination in the event Plaintiff created a scene or was confrontational.

    I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that I executed this declaration on August 1, 2013 at Sacramento, California.

                                              Alvin Cheung

WAM.20563328.doc

DECLARATION OF DR. ALVIN CHEUNG IN SUPPORT OF DEFENDANT CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT