1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10
                                 ----oo0oo----
11

12  BRADLEY BRAZILL,                    NO. CIV. 2:12-1218 WBS GGH

13          Plaintiff,                  ORDER RE: SECOND MOTION FOR
                                        SUMMARY JUDGMENT OR,
14      v.                              ALTERNATIVELY, PARTIAL SUMMARY
                                        JUDGMENT
15  CALIFORNIA NORTHSTATE COLLEGE OF
    PHARMACY, LLC, CALIFORNIA
16  NORTHSTATE UNIVERSITY, LLC, and
    DOES 1 through 10, inclusive,
17
            Defendants.
18  _____/

19

20                               ----oo0oo----

21          Plaintiff Bradley Brazill brings this action against

22  defendants California Northstate College of Pharmacy, LLC (the

23  "College"), and California Northstate University, LLC ("CNU"),

24  arising from defendants' allegedly wrongful conduct related to

25  the termination of plaintiff's employment.  The Complaint

26  consists of four claims: (1) age discrimination under the Age

27  Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634;

28  (2) age discrimination under the California Fair Employment and

                                     1

1 Housing Act ("FEHA"), Cal. Gov't Code §§ 12900-12996; (3)

2 retaliation under the False Claims Act ("FCA"), 31 U.S.C. §

3 3730(h); and (4) wrongful termination in violation of public

4 policy on the basis of violations of the ADEA, FEHA, and FCA.

5 (Docket No. 10.)

6          Defendants move for summary judgment, or in the

7 alternative, partial summary judgment on April 4, 2013.  (Docket

8 No. 29.)  In its June 4, 2013 Order resolving that motion, the

9 court dismissed plaintiff's FCA claim and his wrongful

10 termination in violation of public policy claim to the extent it

11 was based on the FCA claim.  (June 4, 2013 Order at 25:5-17

12 (Docket No. 25).)  It also dismissed all claims against CNU.

13 (Id. at 25:18-20.)  Presently before the court is the College's

14 second motion for summary judgment, or alternatively, partial

15 summary judgment pursuant to Federal Rule of Civil Procedure 56.

16 (Docket No. 29.)

17          District courts have discretion in determining whether

18 to permit successive motions for summary judgment. Hoffman v.

19 Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010).  "A renewed or

20 successive summary judgment motion is appropriate especially if

21 one of the following grounds exists: (1) an intervening change in

22 controlling law; (2) the availability of new evidence or an

23 expanded factual record; and (3) [the] need to correct a clear

24 error or prevent manifest injustice."  Whitford v. Boglino, 63

25 F.3d 527, 530 (7th Cir. 1995) (quoting Kern-Tulare Water Dist. v.

26 City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986)).

27          The College bases its second motion for summary

28 judgment on "an expanded factual record."  (See Mem. in Supp. of

2

1  Summ. J. at 12:8-10 (Docket No. 38-1).)  It notes that the court

2  indicated at the hearing on defendants' first motion for summary

3  judgment "that evidence concerning the hiring process of

4  [p]laintiff's replacement as Department Chair, Dr. James

5  Palmieri, which was largely absent from the record, would have

6  assisted [it] in ruling on the motion."  (Id. at 1:9-11.)

7          In Hoffman, the Ninth Circuit stated that "a successive

8  motion for summary judgment is particularly appropriate on an

9  expanded factual record."  Hoffman, 593 F.3d at 911.  It then

10  held that the district court did not abuse its discretion by

11  allowing the defendant to file another summary judgment motion

12  after a mistrial.  Id. at 912.  The court explained that "[t]he

13  deposition of an expert witness after the deadline for pretrial

14  summary judgment motions, the testimony at trial, and the

15  addition of a new expert witness after the mistrial expanded the

16  factual record beyond what it had been at the time of the

17  pretrial summary judgment motion."  Id.

18          The court is not persuaded that an "expanded factual

19  record" in the sense meant by the Hoffman court is present here.

20  The College does not base its second motion on a previously

21  unavailable deposition, trial testimony, new expert witness, or

22  similar evidence.  Instead, the "expanded factual record" that

23  the College now offers includes only evidence that could have

24  been included in the College's first motion for summary

25  judgment.[1]

26  ───────────────

27      [1]   Another case relied on by the College, Cohea v. Pliler,
   2:00-CV-2799 GEB EFB, 2013 WL 687081 (E.D. Cal. Feb. 25, 2013),
28  report and recommendation adopted as modified, 2:00-CV-2799 GEB

1          What the court may suggest in colloquy with counsel at

2    a hearing is not the court's order.  If the court had required

3    information about the hiring of Palmieri to decide defendants'

4    first summary judgment motion, it would have requested

5    supplemental briefing.  The summary judgment process is not to be

6    used to test what the court's ruling will be and then to patch

7    any deficiencies a defendant makes in the original motion with a

8    subsequent motion.  Here, the College has not provided any

9    compelling basis for the court to consider this second summary

10   judgment motion, which essentially reiterates the same arguments

11   the College made in the first motion.

12          IT IS THEREFORE ORDERED that California Northstate

13   College of Pharmacy, LLC's second motion for summary judgment, or

14   in the alternative, partial summary judgment be, and the same

15   hereby is, DENIED.

16   DATED:    August 22, 2013

17

18   _____
     WILLIAM B. SHUBB

19   UNITED STATES DISTRICT JUDGE

20

21

22

23

24
     _____

25   EFB, 2013 WL 1281888 (E.D. Cal. Mar. 26, 2013), actually
     undermines its position.  In that case, the court considered the
26   defendants' second summary judgment motion after explaining that
     it was based on evidence that was not available at the time of
27   the first motion and, unlike the first motion, was filed after
     the plaintiff filed an amended complaint.  See Cohea, 2013 WL
28   687081, at *4.

4