UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRADLEY BRAZILL, | NO. CIV. 2:12-1218 WBS GGH |
| Plaintiff, | <u>ORDER RE: SECOND MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT</u> |
| v. | |
| CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC, CALIFORNIA NORTHSTATE UNIVERSITY, LLC, and DOES 1 through 10, inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiff Bradley Brazill brings this action against defendants California Northstate College of Pharmacy, LLC (the "College"), and California Northstate University, LLC ("CNU"), arising from defendants' allegedly wrongful conduct related to the termination of plaintiff's employment. The Complaint consists of four claims: (1) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; (2) age discrimination under the California Fair Employment and

1

Housing Act ("FEHA"), Cal. Gov't Code §§ 12900-12996; (3) retaliation under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h); and (4) wrongful termination in violation of public policy on the basis of violations of the ADEA, FEHA, and FCA. (Docket No. 10.)

Defendants move for summary judgment, or in the alternative, partial summary judgment on April 4, 2013. (Docket No. 29.) In its June 4, 2013 Order resolving that motion, the court dismissed plaintiff's FCA claim and his wrongful termination in violation of public policy claim to the extent it was based on the FCA claim. (June 4, 2013 Order at 25:5-17 (Docket No. 25).) It also dismissed all claims against CNU. (Id. at 25:18-20.) Presently before the court is the College's second motion for summary judgment, or alternatively, partial summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket No. 29.)

District courts have discretion in determining whether to permit successive motions for summary judgment. Hoffman v. Tonnemacher, 593 F.3d 908, 911 (9th Cir. 2010). "A renewed or successive summary judgment motion is appropriate especially if one of the following grounds exists: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) [the] need to correct a clear error or prevent manifest injustice." Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995) (quoting Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986)).

The College bases its second motion for summary judgment on "an expanded factual record." (See Mem. in Supp. of

2

Summ. J. at 12:8-10 (Docket No. 38-1).) It notes that the court indicated at the hearing on defendants' first motion for summary judgment "that evidence concerning the hiring process of [p]laintiff's replacement as Department Chair, Dr. James Palmieri, which was largely absent from the record, would have assisted [it] in ruling on the motion." (Id. at 1:9-11.)

In Hoffman, the Ninth Circuit stated that "a successive motion for summary judgment is particularly appropriate on an expanded factual record." Hoffman, 593 F.3d at 911. It then held that the district court did not abuse its discretion by allowing the defendant to file another summary judgment motion after a mistrial. Id. at 912. The court explained that "[t]he deposition of an expert witness after the deadline for pretrial summary judgment motions, the testimony at trial, and the addition of a new expert witness after the mistrial expanded the factual record beyond what it had been at the time of the pretrial summary judgment motion." Id.

The court is not persuaded that an "expanded factual record" in the sense meant by the Hoffman court is present here. The College does not base its second motion on a previously unavailable deposition, trial testimony, new expert witness, or similar evidence. Instead, the "expanded factual record" that the College now offers includes only evidence that could have been included in the College's first motion for summary judgment.[1]

---

[1] Another case relied on by the College, Cohea v. Pliler, 2:00-CV-2799 GEB EFB, 2013 WL 687081 (E.D. Cal. Feb. 25, 2013), report and recommendation adopted as modified, 2:00-CV-2799 GEB

3

What the court may suggest in colloquy with counsel at a hearing is not the court's order. If the court had required information about the hiring of Palmieri to decide defendants' first summary judgment motion, it would have requested supplemental briefing. The summary judgment process is not to be used to test what the court's ruling will be and then to patch any deficiencies a defendant makes in the original motion with a subsequent motion. Here, the College has not provided any compelling basis for the court to consider this second summary judgment motion, which essentially reiterates the same arguments the College made in the first motion.

IT IS THEREFORE ORDERED that California Northstate College of Pharmacy, LLC's second motion for summary judgment, or in the alternative, partial summary judgment be, and the same hereby is, DENIED.

DATED:   August 22, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

EFB, 2013 WL 1281888 (E.D. Cal. Mar. 26, 2013), actually undermines its position. In that case, the court considered the defendants' second summary judgment motion after explaining that it was based on evidence that was not available at the time of the first motion and, unlike the first motion, was filed after the plaintiff filed an amended complaint. See Cohea, 2013 WL 687081, at *4.

4