UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BRADLEY BRAZILL,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC,<br><br>        Defendant. | NO. CIV. 2:12-01218 WBS GGH<br><br>FINAL PRETRIAL ORDER |

----oo0oo----

A Final Pretrial Conference was held in this matter, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 16-282, on October 15, 2013. Manolo Olaso appeared as counsel for plaintiff; William Munoz appeared as counsel for defendant. Following the hearing, the court enters this Final Pretrial Order:

I.  Jurisdiction – Venue

Jurisdiction is predicated upon 28 U.S.C. § 1331 because plaintiff's case arises under the Age Discrimination in

Employment Act, 29 U.S.C. 621 et seq.  Supplemental jurisdiction is based on 28 U.S.C. § 1367.  Venue is undisputed and is hereby found to be proper.

II.  Jury – Non-Jury

Both parties have requested a jury trial.  Accordingly, the action shall be tried, pursuant to Federal Rule of Civil Procedure 48, before a jury consisting of no less than six and no more than twelve members.

III. Jury Instructions and Proposed Form of Verdict

No later than ten court days before the trial date, counsel for plaintiffs shall lodge and serve, pursuant to Local Rule 51-163, copies of all jury instructions that plaintiffs request be given on plaintiffs' claims.  At that time, counsel for plaintiffs shall also file and serve a copy of a proposed form of verdict.

No later than seven court days before the trial date, counsel for defendants shall file and serve any objections to the instructions proposed by plaintiffs.  At the same time, counsel for defendants shall lodge and serve, pursuant to Local Rule 51-163, copies of any and all jury instructions not already proposed by plaintiffs, which defendants request be given.  Also at that time, counsel for defendants shall file and serve a copy of any proposed form of verdict and shall also file any objections to plaintiffs' proposed form of verdict.

No later than four court days before the trial date, counsel for plaintiffs shall file and serve any objections to the instructions proposed by defendants and to any proposed form of verdict.

        Pursuant to Local Rule 51-163, any other instructions thereafter presented will be refused unless it is shown either: (1) that the necessity for the request arose in the course of trial; could not reasonably have been anticipated prior to trial from the pleadings, discovery or nature of the action; and the request for such additional instructions is presented to the Court as promptly as possible; or (2) that the refusal to give such instructions would constitute plain error.

        Likewise, any objections to proposed instructions not made in accordance with this order will be overruled as untimely unless it is shown either:  (1) that the grounds therefor arose in the course of trial and the intention to make such objections is communicated to the Court as promptly as possible, or (2) that the giving of such instructions would constitute plain error.

IV.  <u>Voir Dire Questions</u>

        No later than fourteen calendar days before the trial date, counsel for each party shall submit all proposed jury voir dire questions.  Each side shall have no more than one hour within which to question potential jurors.

V.  <u>Trial Briefs</u>

        No later than fourteen calendar days before the trial date, counsel for each party shall file trial briefs pursuant to Local Rule 16-285.

VI.  <u>Remaining Claims</u>

        Plaintiff's remaining claims against defendant are: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 <u>et seq.</u>; (2) age discrimination in violation of the California Fair Employment and

Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.; (3) wrongful termination in violation of public policy based on violations of ADEA and FEHA.

VII. <u>Witnesses</u>

    (A)  Plaintiffs anticipate calling the witnesses identified at Exhibit "A" attached hereto.

    (B)  Defendants anticipate calling the witnesses identified at Exhibit "B" attached hereto.

    (C)  Except for retained experts, each party may call any witness designated by any other party.

    (D)  No other witnesses will be permitted to testify at trial unless:

        (1)  all parties stipulate that the witness may testify;

        (2)  the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

        (3)  the witness was discovered after the Pretrial Conference.

    (E)  Testimony of a witness not designated in this Order, which is offered under paragraph VII(D)(3), above, upon the grounds that the witness was discovered after the Pretrial Conference, will not be permitted unless:

        (1)  the testimony of the witness could not reasonably have been discovered prior to the Pretrial Conference;

        (2)  the court and opposing counsel were promptly notified upon discovery of the testimony; and

```
            (3)  counsel proffered the witness for deposition
if time permitted or provided all opposing counsel a reasonable
summary of the testimony if time did not permit a deposition.
```

VIII. Exhibits

    (A)  Plaintiffs intend to offer the exhibits identified at Exhibit "C" attached hereto.

    (B)  Defendants intend to offer the exhibits identified at Exhibit "D" attached hereto.

    (C)  Each party may offer any exhibit designated by any other party.

    (D)  No other exhibits will be received in evidence unless:

        (1)  all parties stipulate that the exhibit may be received in evidence;

        (2)  the party offering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the Pretrial Conference; or

        (3)  the exhibit was discovered after the Pretrial Conference.

    (E)  An exhibit not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless:

        (1)  the exhibit could not reasonably have been discovered prior to the Pretrial Conference;

        (2)  the court and opposing counsel were promptly notified upon discovery of the exhibit; and

1              (3)  counsel provided copies of the exhibit to all
2 opposing counsel if physically possible or made the exhibit
3 reasonably available for inspection by all opposing counsel if
4 copying was not physically possible.
5         (F)  Each party shall exchange copies of all exhibits
6 identified in this Order, or make them reasonably available for
7 inspection by all other parties, no later than seven calendar
8 days before the trial date.  Any and all objections to such
9 exhibits shall be filed and served not later than four calendar
10 days before the trial date.
11         (G)  The attorney for each party is directed to appear
12 before trial and present an original (and if physically possible
13 one copy) of each exhibit to Deputy Clerk Karen Kirksey Smith at
14 8:30 a.m. on the date of trial.
15         (H)  Each exhibit which has been designated in this
16 Order and presented on the morning of the date of trial shall be
17 pre-marked by counsel.  Plaintiffs' exhibits shall bear numbers;
18 defendants' exhibits shall bear letters.  If no objection has
19 been made to such exhibit pursuant to paragraph VIII(F), above,
20 such exhibit will require no further foundation and will be
21 received in evidence upon the motion of any party at trial.
22 IX.   Further Discovery and Motions
23       No further motions shall be brought before trial except
24 upon order of the court and upon a showing of manifest injustice.
25 Fed. R. Civ. P. 16(e).  No further discovery will be permitted
26 except by the express stipulation of all parties or upon order of
27 the court and upon a showing of manifest injustice.  Id.
28 X.    Use of Depositions or Interrogatories

No later than twenty calendar days before the trial date, counsel for each party shall file and serve a statement designating all answers to interrogatories and all portions of depositions intended to be offered or read into evidence, with the exception of portions to be used only for impeachment or rebuttal.  No later than ten calendar days before the trial date, counsel for any other party may file and serve a counter-designation of other portions of the same depositions intended to be offered or read into evidence and may file evidentiary objections to any other parties' designation.  No later than seven calendar days before the trial date, the parties may file evidentiary objections to any other party's counter-designation.

XI.  Date and Length of Trial

The trial is set for February 4, 2014, in Courtroom No. 5.  The court estimates that the trial will last approximately five to seven days.

XII.  Daubert Procedure

Any challenges based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) will be raised and resolved outside the presence of the jury just prior to when the challenged expert will be called to give testimony.  Any challenged expert shall be present for such a challenge, and shall be available for questioning.

XIII.  Evidence Presentation Equipment

If any party feels that electronic presentation of evidence is necessary, they should contact the Courtroom Deputy prior to trial to determine what equipment the court has and how

7

to use that equipment or bring their own audio visual equipment to the courtroom and be prepared to operate it themselves.

XIV. <u>Settlement Conference</u>

A Settlement Conference is set in this action on December 3, 2013, at 9:00 a.m., in the Chambers of Magistrate Judge Kendall J. Newman.

Each party is ordered to have a principal with full settlement authority present at the conference or be fully authorized to settle the matter on any terms.  No later than seven days before the date of the Settlement Conference, counsel for each party shall submit a confidential Settlement Conference Statement to the settlement judge.  Such statements shall not be filed, but shall be delivered to the chambers of the settlement judge, in hard copy.

XV. <u>Objections to Pretrial Order</u>

Any objections or suggested modifications to this Pretrial Order shall be filed and served within five court days from the file-stamped date of this Order.  All references herein to the date of this Order shall refer to the date the tentative order is filed and not to the date any amended order is filed. If no objections or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

Dated:  October 15, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

Exhibit A: Plaintiffs' Witnesses

(1) Plaintiff Bradley Brazill;
(2) Stacey Brazill, wife of plaintiff Bradley Brazill;
(3) Gerald Glazer;
(4) David Hawkins;
(5) Dr. David Carroll, employee of California Northstate ; College of Pharmacy (CNCP);
(6) Dr. Lane Brunner, employee of CNCP;
(7) Dr. Grant Lackey;
(8) Dr. Jennifer West;
(9) Dr. Sonya Frausto, employee of CNCP;
(10) Sara Fox;
(11) Karen Sproats;
(12) Dr. Maureen Lloy;
(13) Tosha Cherry (expert witness);
(14) Craig M. Enos (expert witness);
(15) Peter Samuels (expert witness).

Exhibit B: Defendants' Witnesses

(1) Plaintiff Bradley Brazill;
(2) Stacey Brazill, wife of plaintiff Bradley Brazill;
(3) Chike Okolo;
(4) David Hawkins;
(5) Alvin Cheung, President of CNCP;
(6) Norman Fong;
(7) Yasmin Vera;
(8) Kiki Forsyth;
(9) Paul Wagstaffe;
(10) David Carroll;
(11) Grant Lackey;
(12) Jennifer West;
(13) Sonya Frausto;
(14) Lane Brunner;
(15) James Palmieri;
(16) Sara Fox;
(17) Karen Sproats;
(18) Maureen Lloy;
(19) Paul Nguyen;
(20) Mary Farrell (expert witness);
(21) William Munoz;
(22) Gregory Bastian.

<u>Exhibit C: Plaintiffs' Exhibits</u>

(1) Plaintiff's offer letter from CNCP dated April 8, 2009;
(2) Plaintiff's CNCP health/dental/retirement benefits manual;
(3) CNCP 2009-2011 Faculty Handbook;
(4) WASC Report (Visting Team, October 2010);
(5) Emails between plaintiff and Yasmin Vera regarding Dr. Grant Lackey;
(6) Yasmin Vera talking points regarding Dr. Grant Lackey dated June 28, 2011;
(7) CNCP Separation Agreement and General Release prepared for plaintiff;
(8) CNCP notice to employee of change in relationship;
(9) CNCP letter regarding final paycheck dated July 15, 2011;
(10) CNCP correspondence;
(11) Emails exchanged between Gerry Glazer and attorneys for CNCP regarding plaintiff's EEOC documents;
(12) Plaintiff's EEOC and DFEH materials (charges of discrimination; correspondence; right-to-sue letters);
(13) Plaintiff's Curriculum Vitae;
(14) Report of Craig M. Enos (including exhibits A-L of the report);
(15) Report of Tosha Cherry;
(16) Report of Peter Samuels;
(17) Plaintiff's W-2 forms for 2009-2012;
(18) Plaintiff's pay stubs for 2009-2013;
(19) Bureau of Labor Statistics (Employment and Wages;

Summaries; 2009-2012; Education Administrators;
Pharmacists);
(20) Confirmation of plaintiff's appointment as Lecturer at UC Davis School of Medicine dated September 21, 2012.
(21) Discovery documents, including:
    (a) Defendant's responses to plaintiff's interrogatories Nos. 8, 10, 11, 12, 24, 25;
    (b) Deposition testimony of Dr. Lane Brunner;
    (c) Deposition testimony of Dean David Hawkins;
    (d) Deposition testimony of Sonya Frausto.

Exhibit D: Defendants' Exhibits

(1) April 8, 2009 Letter from David Hawkins to Bradley Brazill;
(2) August 6, 2009 Employee Handbook & At-Will Employee Status Acknowledgement;
(3) July 15, 2010 CNCP Honor Code;
(4) CNCP Faculty Handbook 2010-2011;
(5) August 1, 2010 Personnel Action Request for Bradley Brazill;
(6) March 10, 2011 Bradley Brazill e-mail entitled "What Happens when men bake valentine cookies";
(7) July 15, 2011 Notice to Employee as to Change in Relationship;
(8) July 21, 2011 email from Dean David Hawkins to faculty re: appointment of Sonya Frausto as Interim Department Chair;
(9) August 1, 2011 Personnel Action Request for Sonya Frausto's appointment to Interim Department Chair;
(10) Curriculum Vitae of James Palmieri, Pharm.D;
(11) November 3, 2011 itinerary for James Palmieri candidate interview;
(12) August 5, 2013 report of Mary Farrell;
(13) Subpoenaed records from Apothecary Botanica dba El Macero Pharmacy;
(14) Plaintiff's blog posts from Student Doctor's Network;
(15) Plaintiff's e-mail with North Korean leader's photo;
(16) Plaintiff's e-mail with Chike Okolo Taliban fighter picture;

13

(17) Plaintiff's applications declining health care coverage (personnel file);
(18) Plaintiff's personnel file;
(19) Yasmin Vera's memorandum re: Brazill investigation;
(20) Discovery documents, including:
    (a) Plaintiff's initial and supplemental Rule 26 disclosures;
    (b) Deposition transcript of Bradley Brazill, volumes I and II;
    (c) Deposition transcript of David Hawkins;
    (d) Deposition transcript of Sonya Frausto;
    (e) Deposition transcript of Lane Brunner.