William A. Muñoz - 191649
Brittany Y. Ng - 267581
MURPHY, PEARSON, BRADLEY & FEENEY
520 Capitol Mall, Suite 250
Sacramento, CA 95814
Tel:   (916) 565-0300
Fax:   (916) 565-1636

Attorneys for Defendant
CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| BRADLEY BRAZILL,<br><br>         Plaintiff,<br><br>v.<br><br>CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC; CALIFORNIA NORTHSTATE UNIVERSITY, LLC, and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No.: 2:12CV-01218-WBS-GGH<br><br>DEFENDANT CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS<br><br>Trial date: February 19, 2014 |

Defendant CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC objects to Plaintiff's proposed exhibits as follows:

**September 21, 2012 Letter from Klea Bertakis, M.D. to Plaintiff** – Defendant objects to this exhibit on the grounds that it is hearsay and lacks foundation. (Fed.R.Evid. 801(c), 903.)

**Defendant California Northstate College of Pharmacy, LLC's Response to Plaintiff's Special Interrogatories, Set One** – Defendant objects to the wholesale admission of this document without redactions as not relevant and highly prejudicial. (Fed.R.Evid. 401, 403.) Plaintiff only identified responses to Numbers 8, 10, 11, 12, 24 and 25 in his pre-trial statement and are the only ones identified in the Court's pre-trial order.

For instance Numbers 1 and 2, and the responses thereto, ask the business form of Defendant and the identities of its members. This information is not relevant to any issue in this case and has no bearing on whether or not Defendant discriminated against plaintiff because of his age. (Fed.R.Evid. 401.) Moreover, the probative value is substantially outweighed by the prejudicial impact and confusion to the jury. (Fed.R.Evid. 403.)

Number 3 and the response thereto, asks for Defendant's insurance information which is prohibited under Federal Rule of Evidence 411 and California Evidence Code section 1155. Even if relevant, this information is highly prejudicial to Defendant in that the jury would know that it is insured. (Fed.R.Evid. 403.)

Number 13, and the response thereto, regarding the number of students at the school since 2008 is not relevant. (Fed.R.Evid. 401.)

Numbers 14, 15, 16, 20, 21, 22, and 23, and the responses thereto, go to the issue of Plaintiff's False Claims Act and wrongful termination claim based upon False Claim Act, which were both dismissed on summary judgment. Thus, this information is not relevant and highly prejudicial as it has nothing to do with Plaintiff's age discrimination claim and could only be used to inflame the jury. (Fed.R.Evid. 401, 403.)

Numbers 17, 18 and 19, and the responses thereto, go to the issue of whether or not Plaintiff was a contract employee. Plaintiff's breach of contract claim was dismissed on Defendant's original motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Thus, this information is not relevant and highly prejudicial, particularly in light of plaintiff's own testimony, and the documents he signed, stating that he was an at-will employee. (Fed.R.Evid. 401, 403; Cal. Lab. Code § 2922.)

**Report of the WASC Visiting Team Educational Effectiveness Review to CNCOP October 19-22, 2010** – this document is hearsay not subject to an exception. (Fed.R.Evid. 801(c), 805.) Moreover, the document lacks foundation. (Fed.R.Evid. 903, 1002, 1003.) The document is also incomplete and missing page 4. The document is also prejudicial and purports to offer opinions of experts who have not been disclosed as experts under Federal Rule of Civil Procedure 26(a)(2). (Fed.R.Evid. 403; Fed.R.Civ.P 37(c)(1).)

**Separation Agreement and General Release** – The document is inadmissible pursuant to Federal Rule of Evidence 408 and California Evidence Code section 1152. Federal Rule of Evidence 408 provides that evidence of the furnishing, promising, or offering of a valuable consideration in an attempt to compromise a claim is inadmissible. Rule 408 is grounded in the policy of encouraging settlement of disputed claims without litigation. See In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106 (7th Dir. 1979); see also United States v. Contra Costa County Water Dist., 678 F.2d 90 (9th Cir. 1982) (public policy favoring out-of-court settlement necessitates inadmissibility of negotiations in order to foster frank discussion); See Haun v. Ideal Industries, Inc., 81 F.3d 541 (5th Cir. 1996.)

Additionally, Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Indeed, a settlement privilege has been recognized under Rule 501. Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 979-980 (6th Cir. 2003). Accordingly, for purposes of Plaintiff's FEHA claim, California's evidentiary rules regarding settlement communications should govern.

California Evidence Code section 1152 provides:

> Evidence that a person has, in compromise or from humanitarian motives, furnished or offered or promised to furnish money or any other thing, act, or service to another who has sustained or will sustain or claims that he or she has sustained or will sustain loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his or her liability for the loss or damage or any part of it.

Unlike Federal Rule of Evidence 408, California courts have found that Evidence Code section 1152 does not limit its application to compromise of preexisting disputes. Mangano v. Verity, Inc., 179 Cal. App. 4th 217, 222 (2009).

Lastly, the unsigned separation agreement is highly prejudicial and substantially outweighed by its probative value because the mere offering of a severance package could be construed, contrary to the express language of the agreement itself, as an admission of liability contrary to the policy behind excluding settlement offers. (Fed.R.Evid. 403.)

See also Defendant's Motion in Limine No. 2.

**February 15, 2012 Email string between Greg Bastian to Gerald Glazer re: DFEH/EEOC**

**documents** - The document is inadmissible pursuant to Federal Rule of Evidence 408 and California Evidence Code section 1152. Federal Rule of Evidence 408 provides that evidence of the furnishing, promising, or offering of a valuable consideration in an attempt to compromise a claim is inadmissible. Rule 408 is grounded in the policy of encouraging settlement of disputed claims without litigation. See In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106 (7th Dir. 1979); see also United States v. Contra Costa County Water Dist., 678 F.2d 90 (9th Cir. 1982) (public policy favoring out-of-court settlement necessitates inadmissibility of negotiations in order to foster frank discussion); See Haun v. Ideal Industries, Inc., 81 F.3d 541 (5th Cir. 1996.)

Additionally, Federal Rule of Evidence 501 provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Indeed, a settlement privilege has been recognized under Rule 501. Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 979-980 (6th Cir. 2003). Accordingly, for purposes of Plaintiff's FEHA claim, California's evidentiary rules regarding settlement communications should govern.

California Evidence Code section 1152 provides:

> Evidence that a person has, in compromise or from humanitarian motives, furnished or offered or promised to furnish money or any other thing, act, or service to another who has sustained or will sustain or claims that he or she has sustained or will sustain loss or damage, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove his or her liability for the loss or damage or any part of it.

Unlike Federal Rule of Evidence 408, California courts have found that Evidence Code section 1152 does not limit its application to compromise of preexisting disputes. Mangano v. Verity, Inc., 179 Cal. App. 4th 217, 222 (2009).

Lastly, the unsigned separation agreement is highly prejudicial and substantially outweighed by its probative value because the mere offering of a severance package could be construed, contrary to the express language of the agreement itself, as an admission of liability contrary to the policy behind excluding settlement offers. (Fed.R.Evid. 403.)

See also Defendant's Motions in Limine Nos. 2, 4 and Defendant's Trial Brief pages 14-17.

**Undated Letter from the U.S. Equal Employment Opportunity Commission** – The document is hearsay and lacks foundation. (Fed.R.Evid. 801(c), 903, 1003.) Additionally, the

document is not relevant and highly prejudicial. (Fed.R.Evid. 401, 403.)

See also Defendant's Motion in Limine No. 4.

**February 3, 2012 Notice to Complainant and Respondent from Department of Fair Employment and Housing** - The document is hearsay and lacks foundation. (Fed.R.Evid. 801(c), 903, 1003.) Additionally, the document is not relevant and highly prejudicial. (Fed.R.Evid. 401, 403.)

See also Defendant's Motion in Limine No. 4.

**Charge of Discrimination** - The document is hearsay and lacks foundation. (Fed.R.Evid. 801(c), 903, 1003.) Additionally, the document is not relevant and highly prejudicial. (Fed.R.Evid. 401, 403.) Moreover, it contains allegations regarding Plaintiff's False Claims Act and wrongful termination claim based upon the False Claims Act, which have been dismissed. (Fed.R.Evid. 401. 403.)

See also Defendant's Motion in Limine No. 4.

**Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission** - The document is hearsay and lacks foundation. (Fed.R.Evid. 801(c), 903, 1003.) Additionally, the document is not relevant and highly prejudicial. (Fed.R.Evid. 401, 403.)

See also Defendant's Motion in Limine No. 4.

**January 6, 2012 Notice to Complainant's Attorney from Department of Fair Employment and Housing** - The document is hearsay and lacks foundation. (Fed.R.Evid. 801(c), 903, 1003.) Additionally, the document is not relevant and highly prejudicial. (Fed.R.Evid. 401, 403.)

See also Defendant's Motion in Limine No. 4.

**January 6, 2012 Notice to Case Closure from Department of Fair Employment and Housing** - The document is hearsay and lacks foundation. (Fed.R.Evid. 801(c), 903, 1003.) Additionally, the document is not relevant and highly prejudicial. (Fed.R.Evid. 401, 403.)

See also Defendant's Motion in Limine No. 4.

**January 6, 2012 Complaint of Discrimination under the Provisions of the California Fair Employment and Housing Act** - The document is hearsay and lacks foundation. (Fed.R.Evid. 801(c), 903, 1003.) Additionally, the document is not relevant and highly prejudicial. (Fed.R.Evid. 401, 403.)

DEFENDANT CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS

1  The document also contains allegations regarding Plaintiff's False Claims Act and wrongful
2  termination claim based upon the False Claims Act, which have been dismissed. (Fed.R.Evid. 401.
3  403.)

4      **Report of Tosha Cherry** – See Defendant's Motion in Limine No. 9.

5      **Report of Peter Samuel** – See Defendant's Motion in Limine No. 10.

6      **Report of Craig Enos** – Hearsay. (Fed.R.Evid. 801, 805.) Lacks foundation. (Fed.R.Evid.
7  702, 703.)

8  Dated: February 14, 2014
                         MURPHY, PEARSON, BRADLEY & FEENEY

                        By /s/ William A. Muñoz
                          William A. Munoz
                          Attorneys for Defendant
                          CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC

WAM.20734206.doc

DEFENDANT CALIFORNIA NORTHSTATE COLLEGE OF PHARMACY, LLC'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS